IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 08-0094-KD-M |
| | ) | |
| JOSE JESUS CASTREJON, | ) | |
| | ) | |
|     **Defendant.** | ) | |

## ORDER

This matter is before the court on a limited remand from the Eleventh Circuit Court of Appeals directing the undersigned to make a factual determination regarding when the defendant's notice of appeal was filed, and if untimely filed, whether excusable neglect or good cause exists for the late filing. (doc. 58)  On March 17, 2009 the undersigned held an evidentiary hearing to address the issues raised by the Court in the remand order.  Present at the hearing were the defendant, Jose Jesus Castrejon and his counsel Arthur Madden, Esq., and Assistant United States Attorneys Gloria Bedwell and Steven Butler.

I.      Background

On June 30, 2008 defendant, Jose Jesus Castrejon, entered a plea of guilty to Count I of the Indictment. (doc. 28)  On December 19, 2008 defendant was sentenced to a term of imprisonment of 120 months with a five (5) year term of supervised release.[1]  The judgment was

---

[1] The court advised defendant that he could appeal his sentence within ten days of judgment.  It is also the court's practice to instruct counsel for defendants to consult with the defendant following the hearing and determine whether an appeal will be filed.  If no appeal will be sought, counsel is directed to file a Notice of Non-Appeal within ten days of judgment.

signed on December 24, 2008 but was not entered on the docket sheet until January 6, 2009. (doc. 34)[2] On December 23, 2008, Mr. Castrejon sent a letter to the court voicing his dissatisfaction with the sentencing hearing in general and his counsel's representation in particular. (doc. 36) Specifically, Mr. Castrejon complains that: (1) his lawyer did not appear for sentencing, but rather, sent an associate to handle the matter; (2) the attorney was unfamiliar with his case and did not raise issues he felt were important; (3) his counsel was insufficient, and (4) that he was not sentenced correctly. (Id.) Additionally, Mr. Castrejon asks that the court appoint him new counsel. (Id.)

On January 13, 2009 the court entered an order construing the letter as a notice of appeal and directing the clerk to seal the document. (doc. 35) On the same date, the court also sent a letter to defendant acknowledging receipt of the letter and advising that the court would construe the request as a notice of appeal. The court further directed defendant that "you will need to supplement your motion by filing an actual Notice of Appeal, as well as a Motion for Appointed Counsel." (See Attached Exhibit 1) On January 19, 2009 counsel for defendant moved for leave to withdraw (doc. 39). On January 26, 2009 the court received defendant's notice of appeal along with an affidavit of substantial hardship.[3] The second notice of appeal bears a notary date of January 22, 2009 and the envelope is stamped January 23, 2009.[4] On February 5, 2009, after

---

[2] Rule 4(b)(6) of the Federal Rules of Appellate Procedure defines entry of judgment under FRAP 4(b) as the date the judgment is entered on the docket sheet. Based on this date, defendant's deadline for filing a notice of appeal would have been on January 21, 2009.

[3] This was docketed by the clerk as a "Second Notice of Appeal."

[4] "A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 13341 (11th Cir.1999) (citing Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)); Fed. R.App. P. 4(c).

conducting a hearing on the matter, the undersigned granted counsel's motion to withdraw and appointed CJA Panel Attorney Arthur Madden to represent the defendant. (doc. 39)

II.     Discussion

The Eleventh Circuit has issued a limited remand for the undersigned to make the following determinations: (1) if the notice of appeal was not delivered to prison officials by January 21, 2009 [5] (2) was it untimely as a result of good cause or excusable neglect. In the opinion, the Eleventh Circuit states that it was erroneous for the court to construe the December 23, 2008 letter from the defendant as a notice of appeal because the letter "fails to establish an intent to appeal."

"The excusable neglect standard is a relatively forgiving one." U.S. v. Pippin 473 F.Supp.2d 1171, 1173 (M. D. Ala.,2006) citing Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "In Pioneer, the Supreme Court held that when analyzing a claim of excusable neglect, courts should 'tak[e] account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason

---

[5] Rule 4(b) of the Federal Rules of Appellate Procedure, sets forth the following deadline for the filing of a notice of appeal in a criminal case :

(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

(I) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

FRAP 4(b)(1)(A).

for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' Advanced Estimating System, 77 F.3d at 1325 quoting Pioneer Inv. Services Co., 507 U.S. at 395.

Based on the factors articulated in Pioneer, the court finds that there is excusable neglect for defendant's delay in filing his notice of appeal.  In making this determination, the court specifically finds as follows: (1) the government will suffer no prejudice due to the one day delay; (2) the length of the delay (one day) was short; (3) the impact on the proceedings is slight; (4) the reason for the delay - - (defendant's belief that he had filed a timely appeal based on the court's letter of January 13, 2009) was not unreasonable , and (5) the defendant acted in good faith in relying upon the District Court's letter.  Moreover, the government indicated at the hearing that they do not object to the court's findings.

**DONE** and **ORDERED** this the 18th day of March 2009.

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**