IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 08-00094-KD |
| | ) |
| JOSE JESUS CASTREJON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Jose Jesus Castrejon's motion for return of property, specifically his wallet, (doc. 68), and the response and evidentiary submission filed by the United States (docs. 71, 73). Upon consideration, and for the reasons set forth herein, Castrejon's motion is **DENIED**.

> Federal Rule of Criminal Procedure 41( g) states that
>
> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"A motion to return seized property under Rule 41( g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision." United States v. Palacios-Gonzalez, 2010 WL 1499605 (11th Cir. April 15, 2010) (unpublished opinion) (slip copy) citing United States v. Howell, 425 F.3d 971, 974 (11th Cir.2005). Also, "[w]hen an owner invokes Rule 41( g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." Id. quoting Howell.

Castrejon argues that his wallet was seized against his will and without a search warrant, and hence, unlawfully seized. He also alleges that his wallet was not the proceeds of his crime and would not be used as evidence since it cannot be traced to criminal conduct. He argues that the Drug Enforcement Administration does not have any lawful right to the wallet.

The United States responds that "[w]here the defendant's property is not being used as evidence in a criminal proceeding, exercise of the court's equitable jurisdiction to return property to a criminal defendant is inappropriate" and that "the wallet in the instant case was not seized or used as evidence in a criminal proceeding" (doc. 73). The United States cites to United States v. Castro, 883 F. 2d 1018 (11th Cir. 1989), which in relevant part states that the court's equitable

> . . . jurisdiction extends to federal law enforcement officers who have failed to observe standards for law enforcement established by federal rules governing searches and seizures. The purposes for which a court may exercise its general equity jurisdiction are twofold: (1) to suppress evidence prior to indictment and (2) to deter unlawful conduct of law enforcement officials through the exclusion of evidence obtained illegally. . . . Here, however, because the items seized in Miami are not being used as evidence in the Michigan criminal proceeding, the circumstances and purposes which occasion the court's exercise of its equitable jurisdiction-suppression and/or exclusion of evidence-are conspicuously absent.

Castro, at 1020. Castro appears to limit the court's equitable jurisdiction under Rule 41(g) to only two circumstances, neither of which are applicable here. Subsequently, however, the Eleventh Circuit addressed a motion under Rule 41(e), the predecessor to 41(g) and appears to have expanded the equitable jurisdiction under Rule 41(g). In United States v. Potes Ramirez, 260 F.3d 1310 (11th Cir.2001), defendant sought the return of his military card, his Columbian citizenship card, his navigation license, and other navigation-related papers which were seized by United States Customs Officials when he was arrested for importation of cocaine. 260 F.3d at

1312. Without discussion as to whether these items were evidence, the circuit court determined that "[w]hen, as here, a Rule 41(e) motion is filed after criminal proceedings have terminated, 'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" 260 F. 3d at 1314, quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).

All that being said, the United States provides a declaration under penalty of perjury signed by Corporal Jacob Hill of the Baldwin County Sheriff's Office wherein Corporal Hill states that Castrejon's wallet was not kept as evidence but instead was left in Castrejon's vehicle and after his arrest, the vehicle was returned to a person who claimed to be a family member. (doc. 73-1, p.1). Corporal Hill provides a copy of the "Property Receipt" dated April 18, 2008, for the return of the vehicle which shows that Maria del Reyes signed as receiving the vehicle. (doc. 73-1, p.2). Corporal Hill also verifies that the Baldwin County Sheriff's Office does not have the wallet in its custody. (doc. 73-1, p.1).

Thus, the evidence shows that the Drug Enforcement Administration, hence the United States, did not have possession of Castrejon's wallet but instead the wallet was in the possession of the Baldwin County Sheriff's Office until it was turned over with the vehicle to del Reyes in 2008. "Rule 41(g) permits only the recovery of property in the possession of the Government. Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." United States v. Lauer, 2010 WL 1169937 (S.D. Fla. February 19, 2010) citing United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007); see United States v. Reed, 310 Fed. Appx. 603, 604 (11th Cir. 2009) ("Finally, all boundaries of Rule 41 aside, Reed has sued the United States government in federal court seeking to recover property that was forfeited

to a Florida county sheriff's office in a Florida state court proceeding. As we observed in <u>Castro</u>, the '[d]efendant has simply chosen the wrong remedy in the wrong court.'").

Because the United States does not have possession of the property, Castrejon cannot avail himself of either an equitable or civil remedy under Rule 41(g). Accordingly, for the reasons set forth herein, Castrejon's motion is **DENIED**.

The Clerk of the Court is directed to mail a copy of this order and the responses filed by the United States (docs. 71, 73) to Castrejon.

**DONE** and **ORDERED** this **May 14, 2010.**

                                         **s / Kristi K DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**